E. I. DuPont de Nemours & Company, a corporation created by and existing under the laws of the State of Delaware,

<em>vs.</em>

Philip D. Laird, George T. Weymouth, Walter G. Guy, Philip G. Rust and Archibald Douglas, Jr., members of a co-partnership trading under the firm name of Laird & Company, and Francis I. DuPont, Edmond DuPont, E. Paul DuPont, A. Rhett DuPont, Arthur S. Shettle, William A. Fine, Jr., and William A. Whittaker, members of a co-partnership trading under the firm name of Francis I. DuPont & Co.

<em>New Castle, Nov.</em> 11, 1939.

*Hugh M. Morris,* for complainant.

*William S. Potter,* of the firm of Ward & Gray, for Laird & Co.

*Percy Warren Green,* for Francis I. duPont & Co.

THE CHANCELLOR: An opinion was filed in this case on July 29th, 1939, (*ante p.* 152, 8 *A.* 2*d* 162), but no decree has been signed, and it is again before this court on the petition of Francis I. duPont & Co., for a re-argument on some of the issues involved. Most of the material facts appear in the opinion previously filed, but the solicitors for the defendants, the real contending parties, have subsequently agreed by a stipulation filed that since September 27th, 1935, the dividends declared by the complainant company on the 200 shares of common stock in controversy, and retained by that company awaiting the determination of this action, amount to $4050.00. The petitioner does not question the correctness of the general principles laid down in the opinion of July 29th, but contends that, in some particulars, they were not correctly applied to the facts. In one respect, this seems to be true. Laird & Company advanced $24,000 on the stock certificates of the complainant company delivered to it by Walls & Co., but when that stock was sold on the New York Stock Exchange, and on the delivery by Laird & Company of other certificates representing a like amount of the same stock, it received $25,214.23, or $1214.23 more than the advance previously made. On the morning of September 27th, 1935, before the transaction with Walls & Co. took place, the books of Laird & Company showed a balance due Walls & Co. of $5977.35. At the close of business on that day that balance was reduced to $5727.35,

but on October 1st, by reason of the completion of other prior transactions between these concerns, this balance was more than wiped out, and the same books then showed that Walls & Co. owed Laird & Company $1444.83. After deducting the $24,000 advanced on September 27th, 1935, the balance in hand of $1214.23 was ultimately credited to the account of Walls & Co. on the books of Laird & Company, so that they showed an apparent balance of $230.60 due Laird & Company. This was, however, a mere bookkeeping entry on account of a prior debt growing out of other transactions, having no connection, whatever, with the advance made in good faith by Laird & Company on the stock certificates in question. Walls & Co. undeniably procured these certificates by fraud practiced on Francis I. duPont & Co., and never paid for them. As to the balance of $1214.23, so credited on the books of Laird & Company, the equities of Francis I. duPont & Co. are, therefore, superior to those of both Walls & Co. and of Laird & Company. The latter company stands in the position of a mere general creditor of Walls & Co., and can have no greater rights against Francis I. duPont & Co.

The prior decision of this court on July 29th, 1939, as to the rights of Laird & Company to the stock in question and to the accrued and unpaid dividends thereon, is, therefore, modified to this extent.

Francis I. duPont & Co., the petitioner, further contends that when Laird & Company advanced the $24,000 to Walls & Co., on September 27th, 1935, that company must necessarily have taken into consideration the alleged general credit balance of $5977.35 in favor of Walls & Co., then appearing on the Laird & Company books; but the evidence clearly shows that the advance was wholly made on the 200 shares of duPont common stock endorsed in street form, then delivered by Walls & Co. to Laird & Company, and that the credit balance in question appearing on the books had no bearing, whatever, on that transaction.

Pursuant to a prior order of this court, both the stock certificates in dispute and the accrued and unpaid dividends thereon were retained by the complainant company pending the determination of this action. Ordinarily, the convenient way to protect the rights of the various parties would seem to be by the entry of an order directing the complainant company to pay the said sum of $1214.23 to Francis I. duPont & Co. from the dividends that have accrued on the stock since September 27th, 1935, and that the balance of such dividends, together with the stock certificates, be paid and delivered to Laird & Company. But the solicitors for the defendants have agreed that the decree shall direct the delivery of all of the accrued and unpaid dividends together with the stock certificates, to Laird & Company, and that that company shall be directed to pay to Francis I. duPont & Co. the amount so due. I see no real objection to that procedure, as, no matter which plan is adopted, the complainant company will be relieved from responsibility on complying with the order.

A decree will be entered in accordance with this opinion.